KATHERINE H. WATSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

H. K. WATSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 39192, 39193.   Promulgated July 21, 1930.

*Robert P. Smith, Esq.*, for the petitioners.
*A. H. Murray, Esq.*, for the respondent.

OPINION.

Arundell: The single point in dispute is whether or not the pro-rated charges of $1,251.50 assumed by the purchaser as a part of the consideration for the transfer of the property should be added to the

cash paid to determine the amount of the initial payments received in the taxable year.

Section 212(d) of the Revenue Act of 1926, which was made retroactive to the year 1925 by the provisions of section 1208 of the same act, defines the term "initial payments," as used therein, as "the payments received in cash or property other than evidences of indebtedness of the purchaser during the taxable period in which the sale or other disposition is made."

The regulations promulgated by the Commissioner under this provision of the statute provide that in the sale of mortgaged property the amount of the mortgage assumed by the purchaser "shall not be considered as a part of the 'initial payments' or the 'total contract price,' but shall be included as part of the 'purchase price,' as those terms are used in section 212(d), in articles 42 and 45, and this article." Article 44, Regulations 60. This construction of the statute was considered and accepted by the board in *Dalraida Realty Co.*, 5 B. T. A. 905; *Pacheco Creek Orchard Co.*, 12 B. T. A. 1358; and *J. W. McWilliams*, 15 B. T. A. 329.

No brief has been filed on behalf of the respondent and we are not informed of his reason for including as a part of the initial payments the amount of the prorated charges assumed by the purchaser in the face of his regulations excluding therefrom the amount of the mortgages. The evidence is clear that the prorated charges were not paid by the purchaser within the taxable year. From a practical standpoint there is no real distinction between the two forms of indebtedness assumed by the purchaser. All of the items represented debts of the petitioners to third parties, and, like the mortgages assumed, were liens against the land sold. The sum of $24,017.50, being less than 25 per cent of the selling price of the property, petitioners are entitled to return the sale on the installment basis.

*Decision will be entered under Rule 50.*